THE AMERICAN BUTTON HOLE, OVERSEAMING AND SEWING MACHINE COMPANY

*vs.*

GEORGE W. BURGESS, and HIRAM F. BURGESS, trustee.

Somerset.    Opinion March 24, 1883.

*Trustee process.    Exceptions.    Practice.    R. S., c. 86, § 79.*

An alleged trustee has no right to disclose further while his exceptions to the ruling of the court, charging him, are pending.

The law court will not remand a case for the further disclosure of a trustee under R. S., c. 86, § 79, when the disclosure already made, is apparently truthful and sufficiently full to enable the court to pass upon it understandingly.

ON EXCEPTIONS.

The opinion states the case and material facts.

*Folsom and Merrill*, for the plaintiff.

*S. S. Brown*, for the trustee.

WALTON, J.   This is an action against George W. Burgess, and Henry F. Burgess, trustee. The trustee (Henry F. Burgess) disclosed at the December term, 1881, and was charged for $850. To the action of the court in charging him, he excepted, and his exceptions were duly filed and allowed. At the next term (March term, 1882) he moved for leave to disclose further, and was refused. To this refusal he excepted. We thus have two bills of exceptions for consideration.

1. Of the first bill of exceptions.   It is claimed that the trustee was rightfully charged because his disclosure showed that he had in his possession goods, effects, and credits, of the principal defendant, which he held under a conveyance, fraudulent and void as to the defendant's creditors.   Upon this point the trustee's disclosure is apparently frank, truthful, and full.   He says in substance that he and George (the principal defendant) are brothers; that their father died July 14, 1881, leaving them quite an estate, consisting in part of bank stock, money on deposit in a savings bank, notes secured by mortgage, etc.; that four days after their father's death, George was at his house; that an officer called to see George, but did not succeed in seeing him; that the officer then served a trustee writ on him (Henry); that he (Henry) went that night to see a lawyer; that the lawyer came to his house the next morning as early as nine o'clock; that a conveyance was then made by George to him of all of George's interest in their father's estate, in consideration of which he gave George a negotiable note for $1800; that George avoided the officer, and, by an indirect route, left the state and has not since returned to his knowledge; that the writ in this suit was served on him (the trustee) October 29, 1881.   Being asked what George stated his purpose to be in selling, and what his purpose was in buying, George's interest in their father's estate, he answered that it was to prevent the attachment of the property by George's creditors.   No one can read the disclosure, and

doubt, for a moment, that such was the purpose of both of them; and that the trustee was rightfully charged. R. S., c. 86, § 63.

2. Of the second bill of exceptions. The question here presented is whether a trustee, who has made one disclosure, and been charged, and has filed exceptions to the action of the court in charging him, has a right to disclose further at a subsequent term, and before his exceptions have been acted upon by the law court, or been withdrawn. Clearly, he has no such right. The effect of holding otherwise would be to have the question of his liability pending before two different courts at the same time, and upon two different disclosures. In *Stedman* v. *Vickery*, 42 Maine, 132, the trustee having disclosed and been charged, excepted thereto; and then, at the next term following, moved for leave to disclose further, and the motion was denied. He then, by leave of court, withdrew his exceptions, and was allowed to disclose further. And if, in this case, the trustee had, by leave of court, first withdrawn his exceptions filed at the preceding term, we entertain no doubt it would then have been within the discretion of the court to allow him to disclose further. But, pending his former bill of exceptions, very clearly he had no such right.

3. The law court is urged by counsel to remand the case for a further disclosure. No doubt the court has the power to do so. R. S., c. 86, § 79. But this is a power to be exercised only when the court can see that justice would probably be thereby promoted. The court can not see that such would be the effect in this case. The disclosure of the trustee is apparently truthful, and sufficiently full to enable the court to pass upon it understandingly. The hinge on which the case turns is the motive of the parties to the conveyance from George to Henry. The circumstances are such as to leave little, if any, doubt upon the point. And in addition thereto, the trustee has frankly admitted that their motives were such as, by operation of law, to make him chargeable. If he should now, after knowing the opinion of the court upon this point, change his statements, or attempt to explain them away, there would be more danger of injury to his reputation for truth than of probability that the judgment of

the court would be thereby affected. The court, therefore, declines to remand the case for a further disclosure.

*Both bills of exceptions overruled.*
*Trustee charged for $850.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.